## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| **MARTHA F. OWENS, Individually, and as the Executrix of the Estate of Andrew T. Fuller; SUSAN ROCKETT; DONALD ABNER POPE JR.; and REFUSE MATERIALS, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**STIFEL, NICOLAUS & COMPANY, INC. and ANTHONY JOHN FISHER,**<br><br>Defendants. | Civil Action No. 7:12-CV-144 (HL) |

## ORDER

As part of its discovery obligations, Defendant Stifel, Nicolaus & Company, Inc. ("Stifel") produced a privilege log listing hundreds of pages of documents that Stifel contends are protected by the attorney-client privilege or the work product doctrine. Plaintiffs were not satisfied with the privilege log, and so informed the Court through a letter dated November 4, 2013 (Doc. 43). Stifel responded in writing (Doc. 44), and shortly thereafter, the Court held a telephone conference to discuss a number of outstanding discovery disputes. Stifel was ordered to produce to the Court all documents listed in its privilege log no later than December 2, 2013 for an *in camera* inspection. Stifel produced the documents as ordered, some 900 pages, and the Court has conducted its review.

## I.   STANDARDS

Whether documents are protected by the attorney-client privilege is a substantive issue governed by state law. Camacho v. Nationwide Mut. Ins. Co., 287 F.R.D. 688, 691 (N.D. Ga. 2012). In Georgia, the attorney-client privilege generally applies in the context of communications between in-house corporate counsel and the corporation's management and employees. St. Simons Waterfront, LLC v. Hunter, Maclean, Exley & Dunn, P.C., 293 Ga. 419, 421-22, 746 S.E.2d 98, 103 (2013); Southern Guar. Ins. Co. v. Ash, 192 Ga. App. 24, 27, 383 S.E.2d 579 (1989); Marriott Corp. v. American Acad. of Psychotherapists, 157 Ga. App. 497, 277 S.E. 785 (1981). However, the privilege is confined to "its narrowest permissible limits under the statute of its creation" because the exercise of the privilege results in the exclusion of evidence. Tenet Healthcare Corp. v. La. Forum Corp., 273 Ga. 206, 208, 538 S.E.2d 441 (2000) (internal citation and reference omitted).

A party attempting to invoke the attorney-client privilege must establish the following elements:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication is made (a) is (the) member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily

either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

In re Mentor Corp. ObTape Transobturator Sling Products Liability Litigation, 632 F.Supp.2d 1370, 1379 (M.D. Ga. 2009) (citing United States v. Kelly, 569 F.2d 928, 938 (5th Cir. 1978)); United States v. Noriega, 917 F.2d 1543, 1550 (11th Cir. 1990).

The work product doctrine is governed by federal as opposed to state law in a diversity action. Underwriters Ins. Co. v. Atlanta Gas Light Co., 248 F.R.D. at 667. The work product privilege protects materials prepared in anticipation of litigation by a party, an attorney, or other representatives of the party. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Federal Rule of Civil Procedure 26(b)(3)(A)(ii) protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)" unless the requesting party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed.R.Civ.P. 26(b)(3)(A)(ii).

3

The test to determine whether a document constitutes a work-product is "whether it was prepared by the party or his representative because of the prospect of litigation." Shipes v. BIC Corp., 154 F.R.D. 301, 305 (M.D. Ga. 1994). The party's "representative" includes not only his attorney, but also his employee, insurer, or other agent, "so long as they were working on behalf of the party and preparing the document with the prospect of litigation in mind." Id.

## II.    FINDINGS

Stifel has grouped the documents into two categories, and the Court will use those same categories when discussing the documents individually. The first category consists of an email and attachments dated July 20, 2010 which Stifel contends are privileged under the attorney-client privilege. The second category consists of the remaining documents which Stifel states were in response to an internal investigation, FINRA investigation, and Florida Office of Financial Regulations investigation. Stifel asserts these documents are protected by the attorney-client privilege and/or the work product doctrine. The Court will now address the documents by date as listed in the privilege log. The Court recognizes that there is a great deal of repetition in the findings below, but that is because many of the documents submitted for inspection were duplicates.

### A.    Category 1

The July 20, 2010 email and attachments (STIF_REV000116-0001, STIF_REV000117-0001, STIF_REV000118-0001) are not protected by the attorney-client privilege. The email was sent from a member of Stifel's compliance department to the director of branch offices with respect to broker reviews conducted on Anthony Fisher and another broker. The email and attachments are not protected by the attorney-client privilege because they do not seek or contain legal advice. While Stifel's in-house counsel was copied on the email, information that is not otherwise privileged will not become so simply by being communicated to or filtered through an attorney. However, the information regarding the second broker is not relevant to this case, so Stifel will not be required to produce that attachment (STIF_REV000118-0001).

### B.    Category 2

The February 8, 2012 document (STIF_REV000287-0001) is protected by the work product doctrine. The document is an email string about Anthony Fisher and Plaintiffs' accounts. In-house counsel is involved in the email string, but the emails do not explicitly seek or contain legal advice. However, the emails are protected by the work product doctrine because the emails were prepared because of the prospect of litigation.

The February 9, 2012 document (STIF_REV000288-0001) is protected by the work product doctrine. The document is a continuation of the email string started on February 8. The document is protected by the work product doctrine because it was prepared because of the prospect of litigation.

The February 15, 2012 document (STIF_REV000289-0001) is protected by the work product doctrine. The document is a continuation of the February 8 and 9 email string. The document is protected by the work product doctrine because it was prepared because of the prospect of litigation.

The February 16, 2012 email and attachment (STIF_REV000290-0001, STIF_REV000291-0001) are not protected by the attorney-client privilege or work product doctrine. The document is an email about an account overview letter for Plaintiff Owens' account and the Fuller Estate account, with a draft letter from November 2010 attached. The document is not protected by the attorney-client privilege because while the email was sent to in-house counsel at one point, the email does not seek or contain legal advice. The document is further not protected by the work product doctrine because it was not prepared because of the prospect of litigation. The substantive portions of the email were created in 2010, as well as the attachment, long before Fisher's termination in 2012. Thus, it appears the document was prepared in the regular course of business, and not in anticipation of litigation.

The March 9, 2012 email and attachments (STIF_REV000301-0001, STIF_REV000302-0001, STIF_REV000303-0001, STIF_REV000304-0001, STIF_REV000305-0001) are protected by the work product doctrine. The documents are timelines relating to Plaintiffs' accounts with Stifel.[1] The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 12, 2012 email and attachment (STIF_REV000306-0001, STIF_REV000307-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with a draft response concerning the FINRA investigation. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 13, 2012 email and attachment (STIF_REV000308-0001, STIF_REV000309-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

---

[1] The documents also include a timeline about an unrelated account.

The March 13, 2012 email and attachment (STIF_REV000310-0001, STIF_REV000311-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 14, 2012 email and attachment (STIF_REV000312-0001, STIF_REV000313-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 14, 2012 email and attachment (STIF_REV000314-0001, STIF_REV000315-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 15, 2012 email and attachment (STIF_REV000316-001, STIF_REV000317-001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 15, 2012 email and attachment (STIF_REV000318-0001, STIF_REV000319-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 15, 2012 email and attachment (STIF_REV000320-0001, STIF_REV000321-0001) are protected by the attorney-client privilege and the work product doctrine. The documents are an email to in-house counsel and a draft response concerning the FINRA investigation. The documents implicitly seek legal advice, and thus are protected by the attorney-client privilege. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 15, 2012 email and attachment (STIF_REV000322-0001, STIF_REV000323-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 15, 2012 document (STIF_REV000324-0001) is protected by the work product doctrine. The document is a continuation of the February 8, 9,

and 15 email string discussed above. The document is protected by the work product doctrine because it was prepared because of the prospect of litigation.

The March 20, 2012 email and attachment (STIF_REV000325-0001, STIF_REV000326-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 26, 2012 email and attachment (STIF_REV000327-0001, STIF_REV000328-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 26, 2012 email and attachment (STIF_REV000329-0001, STIF_REV000330-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 26, 2012 email and attachments (STIF_REV000333-0001, STIF_REV000334-0001, STIF_REV000335-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string

involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email and attachments (STIF_REV000336-0001, STIF_REV000337-0001, STIF_REV000338-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are

protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email and attachments (STIF_REV000339-0001, STIF_REV000340-0001, STIF_REV000341-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email and attachments (STIF_REV000342-0001, STIF_REV000343-0001, STIF_REV000344-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA

response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email and attachments (STIF_REV000345-0001, STIF_REV000346-0001, STIF_REV000347-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email and attachments (STIF_REV000348-0001, STIF_REV000349-0001, STIF_REV000350-0001) are protected by the attorney-

client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email and attachments (STIF_REV000351-0001, STIF_REV000352-0001, STIF_REV000353-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are

protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 27, 2012 email and attachments (STIF_REV000354-0001, STIF_REV000355-0001, STIF_REV000356-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 27, 2012 email and attachments (STIF_REV000357-0001, STIF_REV000358-0001, STIF_REV000359-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA

response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The October 4, 2012 email and attachments (STIF_REV000379-0001, STIF_REV000380-0001) are not protected by the attorney-client privilege or the work product doctrine. The document is an email string about the service of Plaintiffs' lawsuit on Stifel. Attached to the email are a service of process transmittal letter and various state court documents, none of which were prepared by Stifel. While the email involves in-house counsel, it does not seek or contain legal advice. Instead, it appears this communication was merely informational in nature. The email is also not protected by the work product doctrine because it was prepared in the regular course of business.

The October 4, 2012 email and attachments (STIF_REV000381-0001, STIF_REV000382-0001) are not protected by the attorney-client privilege or the work product doctrine. The document is an email string about the service of Plaintiffs' lawsuit on Stifel. Attached to the email are a service of process transmittal letter and various state court documents, none of which were

prepared by Stifel. While the email involves in-house counsel, it does not seek or contain legal advice. Instead, it appears this communication was merely informational in nature. The email is also not protected by the work product doctrine because it was prepared in the regular course of business.

The February 1, 2012 email and attachment (STIF_REV024005-0001, STIF_REV024006-0001) are not protected by the attorney-client privilege but are protected by the work product doctrine. The email is to in-house counsel, but the email and attachment do not seek or contain legal advice, and thus are not protected by the attorney-client privilege. However, the email and attachment are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The July 20, 2010 email and attachments (STIF-REV024662-0001, STIF-REV024663-0001, STIF-REV024664-0001) are not protected by the attorney-client privilege or work product doctrine. The email was sent from a member of Stifel's compliance department to the director of branch offices with respect to broker reviews conducted on Anthony Fisher and another broker. The email and attachments are not protected by the attorney-client privilege because they do not seek or contain legal advice. While Stifel's in-house counsel was copied on the email, information that is not otherwise privileged will not become so simply by being communicated to or filtered through an attorney. However, the

information regarding the second broker is not relevant to this case, so Stifel will not be required to produce that attachment. There is also no indication that the documents were prepared because of the prospect of litigation, so the work product doctrine does not apply either.

The February 6, 2012 email and attachment (STIF-REV025221-0001, STIF-REV025222-0001) are not protected by the attorney-client privilege or the work product doctrine. The document is an unexecuted escrow termination agreement. While one of the recipients of the email is Stifel's in-house counsel, neither the email nor attachment seek or contain legal advice. Thus, the attorney-client privilege does not apply. Further, the documents are not protected by the work product doctrine because there is no indication they were prepared because of the prospect of litigation.

The February 6, 2012 email and attachment (STIF-REV025223-0001, STIF-REV025224-0001) are not protected by the attorney-client privilege or the work product doctrine. The document is an unexecuted escrow termination agreement. While one of the recipients of the email is Stifel's in-house counsel, neither the email nor attachment seek or contain legal advice. Thus, the attorney-client privilege does not apply. Further, the documents are not protected by the work product doctrine because there is no indication they were prepared because of the prospect of litigation.

The February 6, 2012 email (STIF-REV025225-0001) is not protected by the attorney-client privilege or the work product doctrine. The document is an email stating that the sender of an email on February 6 wanted to recall the message. While one of the recipients of the email is Stifel's in-house counsel, the email does not seek or contain legal advice. Thus, the attorney-client privilege does not apply. Further, the document is not protected by the work product doctrine because there is no indication it was prepared because of the prospect of litigation.

The February 6, 2012 email (STIF-REV025226-0001) is not protected by the attorney-client privilege or the work product doctrine. The document is an email showing that the previous message recall was successful. The document is not protected by the attorney-client privilege because it was not sent to in-house counsel and does not seek or contain legal advice. Further, the document is not protected by the work product doctrine because there is no indication it was prepared because of the prospect of litigation.

The February 6, 2012 email and attachment (STIF-REV025227-0001, STIF-REV025228-0001) are not protected by the attorney-client privilege or the work product doctrine. The document is an email regarding a Federal Express package sent to Anthony Fisher. The attachment consists of the Federal Express receipt and an unexecuted escrow termination agreement. While one of the

recipients of the email is Stifel's in-house counsel, neither the email nor attachment seek or contain legal advice. Thus, the attorney-client privilege does not apply. Further, the documents are not protected by the work product doctrine because there is no indication they were prepared because of the prospect of litigation.

The February 6, 2012 email (STIF-REV025229-0001) is not protected by the attorney-client privilege or the work product doctrine. The document is an email showing that the previous message recall failed. The document is not protected by the attorney-client privilege because it was not sent to in-house counsel and does not seek or contain legal advice. Further, the document is not protected by the work product doctrine because there is no indication it was prepared because of the prospect of litigation.

The February 6, 2012 email and attachment (STIF-REV025230-0001, STIF-REV025231-0001) are not protected by the attorney-client privilege or the work product doctrine. The documents are communications made between Anthony Fisher, Brandon Chabner, and Judy Crowhurst with respect to Cardiac Monitoring Solutions Inc. While one of the recipients of the email is Stifel's in-house counsel, neither the email nor attachment seek or contain legal advice. Thus, the attorney-client privilege does not apply. Further, the documents are not

protected by the work product doctrine because there is no indication they were prepared because of the prospect of litigation.

The February 6, 2012 email and attachment (STIF-REV025232-0001, STIF-REV025233-0001) are not protected by the attorney-client privilege or the work product doctrine. While one of the recipients of the email is Stifel's in-house counsel, neither the email nor attachment seek or contain legal advice. Thus, the attorney-client privilege does not apply. Further, the documents are not protected by the work product doctrine because there is no indication they were prepared because of the prospect of litigation.

The February 8, 2012 document (STIF-REV025238-0001) is not protected by attorney-client privilege but is protected by the work product doctrine. The document is an email to Stifel's in-house counsel about Anthony Fisher and Plaintiffs. While the document was sent to in-house counsel, the email does not explicitly request legal advice. However, the email is protected by the work product doctrine because the email was prepared because of the prospect of litigation.

The February 8, 2012 document (STIF-REV025242-0001) is not protected by attorney-client privilege but is protected by the work product doctrine. The document is a continuation of the February 8 email string mentioned above about Anthony Fisher and Plaintiffs. While in-house counsel was the recipient of one

email in the chain, the emails do not explicitly request legal advice. However, the document is protected by the work product doctrine because the emails were prepared because of the prospect of litigation.

The February 9, 2012 document (STIF-REV025243-0001) is not protected by attorney-client privilege but is protected by the work product doctrine. The document is a continuation of the February 8 email string mentioned above about Anthony Fisher and Plaintiffs. While in-house counsel was the recipient of one email in the chain, the emails do not explicitly seek or contain legal advice. However, the document is protected by the work product doctrine because the emails were prepared because of the prospect of litigation.

The February 15, 2012 document (STIF-REV025257-0001) is protected by attorney-client privilege. The document is an email string involving in-house counsel about a form. The document is protected by the attorney-client privilege because the emails contain confidential communications.

The February 15, 2012 document (STIF-REV025259-0001) is not protected by attorney-client privilege but is protected by the work product doctrine. The document is a continuation of the February 8 and 9 email strings mentioned above about Anthony Fisher and Plaintiffs. While in-house counsel was the recipient of one of the emails in the chain, the emails do not explicitly

seek or contain legal advice. However, the document is protected by the work product doctrine because it was prepared because of the prospect of litigation.

The February 16, 2012 email and attachment (STIF-REV025268-0001, STIF-REV025269-0001) are not protected by the attorney-client privilege or work product doctrine. The document is an email about an account overview letter for Plaintiff Owens' account and the Fuller Estate account, with a draft letter from November 2010 attached. The document is not protected by the attorney-client privilege because while the email was sent to in-house counsel at one point, the email does not seek or contain legal advice. The document is further not protected by the work product doctrine because it was not prepared because of the prospect of litigation. The substantive portions of the email, as well as the attachment, were created in 2010, long before Anthony Fisher's termination in 2012. Thus, it appears the document was prepared in the regular course of business, and not in anticipation of litigation.

The February 16, 2012 email and attachment (STIF-REV025270-0001, STIF-REV025271-0001) are not protected by the attorney-client privilege or work product doctrine. The document is an email about an account overview letter for Plaintiff Owens' account and the Fuller Estate account, with a draft letter from November 2010 attached. The document is not protected by the attorney-client privilege because while the email was sent to in-house counsel at one point, the

email does not seek legal advice. The document is further not protected by the work product doctrine because it was not prepared because of the prospect of litigation. The substantive portions of the email, as well as the attachment, were created in 2010, long before Anthony Fisher's termination in 2012. Thus, it appears the document was prepared in the regular course of business, and not in anticipation of litigation.

The February 16, 2012 email (STIF-REV025272-0001) is not protected by the attorney-client privilege or work product doctrine. The document is an email forward to in-house counsel of an email written about Plaintiff Owens in December of 2011. The document is not protected by the attorney-client privilege because the email does not seek legal advice. The document is further not protected by the work product doctrine because it was not prepared because of the prospect of litigation. The substantive portion of the email was created in 2011, prior to Anthony Fisher's termination in 2012. Thus, it appears the document was prepared in the regular course of business, and not in anticipation of litigation.

The February 16, 2012 email (STIF-REV025272-0001) is not protected by the attorney-client privilege or work product doctrine. The document is an email forward to in-house counsel of an email written about Plaintiff Owens in December of 2011. The document is not protected by the attorney-client privilege

because the email does not seek legal advice. The document is further not protected by the work product doctrine because it was not prepared because of the prospect of litigation. The substantive portion of the email was created in 2011, prior to Anthony Fisher's termination in 2012. Thus, it appears the document was prepared in the regular course of business, and not in anticipation of litigation.

The February 22, 2012 email and attachment (STIF-REV025275-0001, STIF-REV025276-0001) are not protected by the attorney-client privilege or work product doctrine. The document is an email forward to in-house counsel of an email from May of 2011 concerning a confidentiality agreement. The attachment is an unexecuted confidentiality agreement. The documents are not protected by the attorney-client privilege because the documents do not seek or contain legal advice. The documents are further not protected by the work product doctrine because they were not prepared because of the prospect of litigation. The substantive portion of the email was created in 2011, prior to Anthony Fisher's termination in 2012. Thus, it appears the documents were prepared in the regular course of business, and not in anticipation of litigation.

The February 22, 2012 email and attachment (STIF-REV025277-0001, STIF-REV025278-0001) are not protected by the attorney-client privilege or work product doctrine. The document is an email forward to in-house counsel of an

email from May of 2011 concerning a confidentiality agreement. The attachment is an unexecuted confidentiality agreement. The documents are not protected by the attorney-client privilege because the documents do not seek legal advice. The documents are further not protected by the work product doctrine because they were not prepared because of the prospect of litigation. The substantive portion of the email was created in 2011, prior to Anthony Fisher's termination in 2012. Thus, it appears the documents were prepared in the regular course of business, and not in anticipation of litigation.

The February 22, 2012 email and attachments (STIF-REV025279-0001, STIF-REV025280-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email from in-house counsel to various Stifel employees about the FINRA investigation. The documents are protected by the attorney-client privilege because they contain confidential communications. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The February 22, 2012 email and attachments (STIF-REV025281-0001, STIF-REV025282-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email chain containing information

from in-house counsel to various Stifel employees about the FINRA investigation. The documents are protected by the attorney-client privilege because they contain confidential communications. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The February 22, 2012 email and attachments (STIF-REV025283-0001, STIF-REV025284-0001, STIF-REV025284-0001) are not protected by the attorney-client privilege or work product doctrine. The document is an email forward to in-house counsel of an email from May of 2011 concerning non-disclosure and confidentiality agreements. The attachments are unexecuted non-disclosure and confidentiality agreements. The documents are not protected by the attorney-client privilege because the documents do not seek legal advice. The documents are further not protected by the work product doctrine because they were not prepared because of the prospect of litigation. The substantive portion of the email was created in 2011, prior to Anthony Fisher's termination in 2012. Thus, it appears the documents were prepared in the regular course of business, and not in anticipation of litigation.

The February 22, 2012 email (STIF-REV025286-0001) is protected by the attorney-client privilege and the work product doctrine, but the attachments (STIF-REV025287-0001, STIF-REV025288-0001) are not. The document is an email from in-house counsel to certain Stifel employees about Anthony Fisher. The email is protected by the attorney-client privilege because it contains confidential communications. The email is also protected by the work product doctrine because it was prepared because of the prospect of litigation. Further, the email is protected as opinion work product because it contains the mental impressions, conclusions, opinions, or legal theories of in-house counsel. The attachments, however, are the same unexecuted non-disclosure and confidentiality agreements discussed in the paragraph above, and are not protected for the same reasons provided there.

The February 22, 2012 email (STIF-REV025289-0001) is not protected by the attorney-client privilege or work product doctrine. The document is an email forward to in-house counsel of two emails from March of 2011 concerning the wiring of money to Pacific Coast Innovations LLC. The document is not protected by the attorney-client privilege because the document does not seek legal advice. The document is further not protected by the work product doctrine because it was not prepared because of the prospect of litigation. The substantive portion of the email was created in 2011, prior to Anthony Fisher's

termination in 2012. Thus, it appears the document was prepared in the regular course of business, and not in anticipation of litigation.

The February 22, 2012 email and attachment (STIF-REV025290-0001, STIF-REV025291-0001) are not protected by the attorney-client privilege or work product doctrine. The document is an email forward to in-house counsel of an email chain May of 2010 concerning the Boca Raton Community Appearance Board. The attachment is a draft letter to Anthony Fisher concerning Cardiac Network, Inc. The documents are not protected by the attorney-client privilege because the documents do not seek legal advice. Forwarding non-privileged information to an attorney does not create an after-the-fact privilege. The underlying documents would not be privileged if they remained in Stifel's hands, and handing them over to an attorney does not make them privileged. The documents are further not protected by the work product doctrine because they were not prepared because of the prospect of litigation. The substantive portion of the documents was created in 2010, prior to Anthony Fisher's termination in 2012. Thus, it appears the documents were prepared in the regular course of business, and not in anticipation of litigation.

The February 22, 2012 email and attachment (STIF-REV025292-0001, STIF-REV025293-0001) are not protected by the attorney-client privilege or the work product doctrine. The document is an email forward to a Stifel compliance

officer of an email chain May of 2010 concerning the Boca Raton Community Appearance Board. The attachment is a draft letter to Anthony Fisher concerning Cardiac Network, Inc. The documents are not protected by the attorney-client privilege because they were not sent to in-house counsel and do not seek or contain legal advice. Further, the documents are not protected by the work product doctrine because they were not prepared because of the prospect of litigation. The substantive portion of the documents was created in 2010, prior to Anthony Fisher's termination in 2012. Thus, it appears the documents were prepared in the regular course of business, and not in anticipation of litigation.

The February 22, 2012 email (STIF-REV025297-0001) is not protected by the attorney-client privilege or work product doctrine. The document is an email forward to in-house counsel of two emails from July of 2010 concerning Cardiac Network Inc. The document is not protected by the attorney-client privilege because the document does not seek legal advice. The document is further not protected by the work product doctrine because it was not prepared because of the prospect of litigation. The substantive portion of the email was created in 2010, prior to Anthony Fisher's termination in 2012. Thus, it appears the document was prepared in the regular course of business, and not in anticipation of litigation.

The February 22, 2012 email (STIF-REV025298-0001) is not protected by the attorney-client privilege or work product doctrine. The document is an email forward to in-house counsel of an email from July of 2010 concerning Cardiac Network Inc. The document is not protected by the attorney-client privilege because the document does not seek legal advice. The document is further not protected by the work product doctrine because it was not prepared because of the prospect of litigation. The substantive portion of the email was created in 2010, prior to Anthony Fisher's termination in 2012. Thus, it appears the document was prepared in the regular course of business, and not in anticipation of litigation.

The February 22, 2012 email and attachment (STIF-REV025299-0001, STIF-REV025300-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email chain containing emails sent from in-house counsel to various Stifel employees about the FINRA investigation. The documents are protected by the attorney-client privilege because they contain confidential communications. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The February 22, 2012 email and attachment (STIF-REV025301-0001, STIF-REV025302-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email chain containing emails sent from in-house counsel to various Stifel employees about the FINRA investigation. The documents are protected by the attorney-client privilege because they contain confidential communications. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The February 22, 2012 email (STIF-REV025303-0001) is protected by the attorney-client privilege and the work product doctrine. The document is an email chain containing an email sent from in-house counsel to various Stifel employees about the FINRA investigation. The documents are protected by the attorney-client privilege because they contain confidential communications. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The February 23, 2012 email and attachment (STIF-REV025304-0001, STIF-REV025305-0001) are not protected by the attorney-client privilege or the work product doctrine. The document is an email forward to in-house counsel of an email from July of 2011 regarding a letter from Plaintiff Rockett to Anthony Fisher. The attachment is a draft letter from Plaintiff Owens to Anthony Fisher. The documents are not protected by the attorney-client privilege because they do not seek or contain legal advice. Further, the documents are not protected by the work product doctrine because they were not prepared because of the prospect of litigation. The substantive portion of the documents was created in 2011, prior to Anthony Fisher's termination in 2012. Thus, it appears the documents were prepared in the regular course of business, and not in anticipation of litigation.

The February 23, 2012 email and attachment (STIF-REV025306-0001, STIF-REV025307-0001) are not protected by the attorney-client privilege or the work product doctrine. The document is an email forward to in-house counsel of an email from December of 2011 regarding an accounting of funds. The attachment is an accounting report. The documents are not protected by the attorney-client privilege because they do not seek or contain legal advice. Further, the documents are not protected by the work product doctrine because they were not prepared because of the prospect of litigation. The substantive portion of the documents was created in 2011, prior to Anthony Fisher's

termination in 2012. Thus, it appears the documents were prepared in the regular course of business, and not in anticipation of litigation.

The March 1, 2012 email and attachment (STIF-REV025321-0001, STIF-REV025322-0001) are not protected by the attorney-client privilege but are protected by the work product doctrine. The document is an email to in-house counsel regarding a timeline relating to Plaintiffs' accounts with Stifel. The attachment is the timeline. While the documents were sent to in-house counsel, they do not explicitly seek or contain legal advice, and thus are not protected by the attorney-client privilege. However, the documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 1, 2012 email (STIF-REV025323-0001) is protected by the attorney-client privilege and the work product doctrine, but the attachment (STIF-REV025324-0001) is not. The document is an email from in-house counsel to certain Stifel employees about the Florida Office of Financial Regulation investigation. The email is protected by the attorney-client privilege because it contains confidential communications. The email is also protected by the work product doctrine because it was prepared because of the prospect of litigation. The attachment, however, is from the Florida Office of Financial Regulation and is not subject to protection.

The March 1, 2012 email (STIF-REV025325-0001) is protected by the attorney-client privilege and the work product doctrine, but the attachment (STIF-REV025326-0001) is not. The document is an email from in-house counsel to certain Stifel employees about the Florida Office of Financial Regulation investigation. The email is protected by the attorney-client privilege because it contains confidential communications. The email is also protected by the work product doctrine because it was prepared because of the prospect of litigation. The attachment, however, is from the Florida Office of Financial Regulation and is not subject to protection.

The March 6, 2012 email and attachment (STIF-REV025337-0001, STIF-REV025338-0001) are not protected by the attorney-client privilege but are protected by the work product doctrine. The document is an email chain and attachment relating to certain wire transfers. The email chain is copied to in-house counsel, but the documents do not seek or contain legal advice, and thus are not protected by the attorney-client privilege. However, the documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 6, 2012 email and attachment (STIF-REV025341-0001, STIF-REV025342-0001) are not protected by the attorney-client privilege but are protected by the work product doctrine. The document is a continuation of the

email chain discussed above relating to certain wire transfers. The email chain is copied to in-house counsel, but the emails and attachment do not seek or contain legal advice, and thus are not protected by the attorney-client privilege. However, the documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 9, 2012 email and attachment (STIF-REV025353-0001, STIF-REV025354-0001, STIF-REV025355-0001) are protected by the work product doctrine. The documents relate to a timeline concerning Plaintiffs' accounts with Stifel. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 9, 2012 email and attachments (STIF-REV025358-0001, STIF-REV025359-0001,     STIF-REV025360-0001,     STIF-REV025361-0001)     are protected by the attorney-client privilege and the work product doctrine. The email is to in-house counsel and implicitly seeks legal advice. Thus, it is protected by the attorney-client privilege. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 12, 2012 email and attachment (STIF-REV025363-0001, STIF-REV025364-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email from in-house counsel about the

FINRA investigation, along with a draft response concerning the FINRA investigation. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 12, 2012 email and attachment (STIF-REV025365-0001, STIF-REV025366-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with a draft response concerning the FINRA investigation. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 13, 2012 email and attachment (STIF-REV025368-0001, STIF-REV025369-0001) are protected by the attorney-client privilege and the work product doctrine. The documents are an email to in-house counsel and a draft response concerning the FINRA investigation. The documents implicitly seek legal advice, and thus are protected by the attorney-client privilege. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 13, 2012 email and attachment (STIF-REV025370-0001, STIF-REV025371-0001) are protected by the work product doctrine. The document is an email concerning the FINRA investigation, and the attachment is a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 13, 2012 email and attachment (STIF-REV025373-0001, STIF-REV025374-0001) are protected by the attorney-client privilege and the work product doctrine. The documents are an email to in-house counsel and a draft response concerning the FINRA investigation. The documents implicitly seek legal advice, and thus are protected by the attorney-client privilege. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 13, 2012 email and attachment (STIF-REV025375-0001, STIF-REV025376-0001) are protected by the work product doctrine. The document is an email concerning the FINRA investigation, and the attachment is a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 14, 2012 email and attachments (STIF-REV025377-0001, STIF-REV025378-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email from in-house counsel to a Stifel employee about the FINRA investigation. The attachment is a draft response concerning the FINRA investigation. The documents are protected by the attorney-client privilege because they contain confidential communications. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 14, 2012 email and attachment (STIF-REV025379-0001, STIF-REV025380-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 14, 2012 email and attachment (STIF-REV25386-0001, STIF-REV025387-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 15, 2012 email and attachment (STIF-REV025396-0001, STIF-REV025397-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 15, 2012 email and attachment (STIF-REV025398-0001, STIF-REV025399-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 15, 2012 email and attachment (STIF-REV025400-0001, STIF-REV025401-0001) are protected by the attorney-client privilege and the work product doctrine. The documents are an email to in-house counsel and a draft response concerning the FINRA investigation. The documents implicitly seek legal advice, and thus are protected by the attorney-client privilege. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 15, 2012 email and attachment (STIF-REV025402-0001, STIF-REV025403-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are

protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 15, 2012 document (STIF-REV025404-0001) is protected by the work product doctrine. The document is an email string concerning Plaintiffs' accounts. The document is protected by the work product doctrine because it was prepared because of the prospect of litigation.

The March 20, 2012 email and attachment (STIF-REV025415-0001, STIF-REV025416-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 26, 2012 email and attachment (STIF-REV025436-0001, STIF-REV025437-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 26, 2012 email and attachment (STIF-REV025438-0001, STIF-REV025439-0001) are protected by the attorney-client privilege and the work product doctrine. The documents are an email to in-house counsel and a draft response concerning the FINRA investigation. The documents implicitly seek

legal advice, and thus are protected by the attorney-client privilege. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 26, 2012 email and attachment (STIF-REV025440-0001, STIF-REV025441-0001) are protected by the work product doctrine. The documents contain a draft response concerning the FINRA investigation. The documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 26, 2012 email and attachments (STIF-REV025442-0001, STIF-REV025443-0001, STIF-REV025444-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email from in-house counsel to certain Stifel employees about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email and attachments (STIF-REV025445-0001, STIF-REV025446-0001, STIF-REV025447-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email (STIF-REV025448-0001) is not protected by the attorney-client privilege or the work product doctrine. The document is an email showing that an email message did not reach an intended recipient. The document is not protected by the attorney-client privilege because it does not seek or contain legal advice. Further, the document is not protected by the work product doctrine because there is no indication it was prepared because of the prospect of litigation. Instead, it is just a form message sent by a computer administrator.

The March 26, 2012 email and attachments (STIF-REV025449-0001, STIF-REV025450-0001, STIF-REV025451-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email and attachments (STIF-REV025452-0001, STIF-REV025453-0001, STIF-REV025454-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The

documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email and attachments (STIF-REV025455-0001, STIF-REV025456-0001, STIF-REV025457-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email (STIF-REV025458-0001) is not protected by the attorney-client privilege or the work product doctrine. The document is an email showing that an email message did not reach an intended recipient. The document is not protected by the attorney-client privilege because it does not

seek or contain legal advice. Further, the document is not protected by the work product doctrine because there is no indication it was prepared because of the prospect of litigation. Instead, it is just a form message sent by a computer administrator.

The March 26, 2012 email and attachments (STIF-REV025459-0001, STIF-REV025460-0001, STIF-REV025461-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email and attachments (STIF-REV025462-0001, STIF-REV025463-0001, STIF-REV025464-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft

responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email and attachments (STIF-REV025465-0001, STIF-REV025466-0001, STIF-REV025467-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email and attachments (STIF-REV025468-0001, STIF-REV025469-0001, STIF-REV025470-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email and attachments (STIF-REV025471-0001, STIF-REV025472-0001, STIF-REV025473-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email string involving in-house counsel about the FINRA investigation, along with draft responses concerning the FINRA investigation. The documents also contain instructions and suggestions from in-house counsel regarding the FINRA response. The documents are protected by the attorney-client privilege because they contain confidential communications and contain legal advice. The

documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 26, 2012 email and attachment (STIF-REV025474-0001, STIF-REV025475-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email chain containing emails sent from in-house counsel to various Stifel employees about the FINRA investigation. The documents are protected by the attorney-client privilege because they contain confidential communications. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 27, 2012 email and attachment (STIF-REV025478-0001, STIF-REV025479-0001) are not protected by the attorney-client privilege but are protected by the work product doctrine. The document is an email chain and attachment relating to certain wire transfers. The email chain is copied to in-house counsel, but the documents do not seek or contain legal advice, and thus are not protected by the attorney-client privilege. However, the documents are

protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 27, 2012 email and attachment (STIF-REV025480-0001, STIF-REV025481-0001) are not protected by the attorney-client privilege but are protected by the work product doctrine. The document is an email chain and attachment relating to certain wire transfers. The email chain is copied to in-house counsel, but the documents do not seek or contain legal advice, and thus are not protected by the attorney-client privilege. However, the documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 27, 2012 email (STIF-REV025482-0001) is not protected by the attorney-client privilege or the work product doctrine. The document is an email showing that an email message did not reach an intended recipient. The document is not protected by the attorney-client privilege because it does not seek or contain legal advice. Further, the document is not protected by the work product doctrine because there is no indication it was prepared because of the prospect of litigation. Instead, it is just a form message sent by a computer administrator.

The March 27, 2012 email and attachment (STIF-REV025483-0001, STIF-REV025484-0001) are not protected by the attorney-client privilege but are

protected by the work product doctrine. The document is an email chain and attachment relating to certain wire transfers. The email chain is copied to in-house counsel, but the documents do not seek or contain legal advice, and thus are not protected by the attorney-client privilege. However, the documents are protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 27, 2012 email and attachments (STIF-REV025485-0001, STIF-REV025486-0001, STIF-REV025487-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email chain containing an email sent from in-house counsel to various Stifel employees about the FINRA investigation. The documents are protected by the attorney-client privilege because they contain confidential communications. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 27, 2012 email (STIF-REV025488-0001) is not protected by the attorney-client privilege or the work product doctrine. The document is an email showing that an email message did not reach an intended recipient. The document is not protected by the attorney-client privilege because it does not

seek or contain legal advice. Further, the document is not protected by the work product doctrine because there is no indication it was prepared because of the prospect of litigation. Instead, it is just a form message sent by a computer administrator.

The March 27, 2012 email and attachments (STIF-REV025489-0001, STIF-REV025490-0001, STIF-REV025491-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email chain containing an email sent from in-house counsel to various Stifel employees about the FINRA investigation. The documents are protected by the attorney-client privilege because they contain confidential communications. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 27, 2012 email and attachment (STIF-REV025492-0001, STIF-REV025493-0001) are not protected by the attorney-client privilege but are protected by the work product doctrine. The document is an email chain and attachment relating to certain wire transfers. The email chain is copied to in-house counsel, but the documents do not seek or contain legal advice, and thus are not protected by the attorney-client privilege. However, the documents are

protected by the work product doctrine because they were prepared because of the prospect of litigation.

The March 27, 2012 email and attachments (STIF-REV025494-0001, STIF-REV025495-0001, STIF-REV025496-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email chain containing an email sent from in-house counsel to various Stifel employees about the FINRA investigation. The documents are protected by the attorney-client privilege because they contain confidential communications. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 28, 2012 email and attachment (STIF-REV025503-0001, STIF-REV025504-0001) are protected by the attorney-client privilege and the work product doctrine. The document is an email chain containing emails between counsel about the FINRA investigation. The documents are protected by the attorney-client privilege because they contain confidential communications. The documents are also protected by the work product doctrine because they were prepared because of the prospect of litigation. Further, the documents are

protected as opinion work product because they contain the mental impressions, conclusions, opinions, or legal theories of in-house counsel.

The March 28, 2012 email and attachment (STIF-REV025505-0001, STIF-REV025506-0001) are not protected by the attorney-client privilege or the work product doctrine. The documents are communications made between Anthony Fisher, Brandon Chabner, and Judy Crowhurst with respect to Cardiac Monitoring Solutions Inc. The email was not sent to Stifel's in-house counsel, and neither the email nor attachment seek or contain legal advice. Thus, the attorney-client privilege does not apply. Further, the documents are not protected by the work product doctrine because there is no indication they were prepared because of the prospect of litigation.

The April 19, 2013 email (STIF-REV024034) is protected by the attorney-client privilege. The email is to counsel in direct response to an inquiry from counsel, and the Court finds that it is protected by the attorney-client privilege.

## III.   CONCLUSION

The Court orders Stifel to produce the following documents to Plaintiffs' counsel no later than December 13, 2013:

July 20, 2010 - STIF_REV000116-0001, STIF_REV000117-0001

February 16, 2012 - STIF_REV000290-0001, STIF_REV000291-0001

October 4, 2012 - STIF_REV000379-0001, STIF_REV000380-0001

October 4, 2012 - STIF_REV000381-0001, STIF_REV000382-0001

July 20, 2010 - STIF-REV024662-0001, STIF-REV024663-0001, STIF-REV024664-0001

February 6, 2012 - STIF-REV025221-0001, STIF-REV025222-0001

February 6, 2012 - STIF-REV025223-0001, STIF-REV025224-0001

February 6, 2012 - STIF-REV025225-0001

February 6, 2012 - STIF-REV025226-0001

February 6, 2012 - STIF-REV025227-0001, STIF-REV025228-0001

February 6, 2012 - STIF-REV025229-0001

February 6, 2012 - STIF-REV025230-0001, STIF-REV025231-0001

February 6, 2012 - STIF-REV025232-0001, STIF-REV025233-0001

February 16, 2012 - STIF-REV025268-0001, STIF-REV025269-0001

February 16, 2012 - STIF-REV025270-0001, STIF-REV025271-0001

February 16, 2012 - STIF-REV025272-0001

February 16, 2012 - STIF-REV025272-0001

February 22, 2012 - STIF-REV025275-0001, STIF-REV025276-0001

February 22, 2012 - STIF-REV025277-0001, STIF-REV025278-0001

February 22, 2012 - STIF-REV025283-0001, STIF-REV025284-0001, STIF-REV025284-0001

February 22, 2012 - STIF-REV025287-0001, STIF-REV025288-0001

February 22, 2012 - STIF-REV025289-0001

February 22, 2012 - STIF-REV025290-0001, STIF-REV025291-0001

February 22, 2012 - STIF-REV025292-0001, STIF-REV025293-0001

February 22, 2012 - STIF-REV025297-0001

February 22, 2012 - STIF-REV025298-0001

February 23, 2012 - STIF-REV025304-0001, STIF-REV025305-0001

February 23, 2012 - STIF-REV025306-0001, STIF-REV025307-0001

March 1, 2012 - STIF-REV025324-0001

March 1, 2012 - STIF-REV025326-0001

March 26, 2012 - STIF-REV025448-0001

March 26, 2012 - STIF-REV025458-0001

March 27, 2012 - STIF-REV025482-0001

March 27, 2012 - STIF-REV025488-0001

March 28, 2012 - STIF-REV025505-0001, STIF-REV025506-0001


**SO ORDERED**, this the 6th day of December, 2013.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**


mbh

56