**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **MARTHA F. OWENS, Individually, and as the Executrix of the Estate of Andrew T. Fuller; SUSAN ROCKETT; DONALD ABNER POPE JR.; and REFUSE MATERIALS, INC.,** | |
| Plaintiffs, | Civil Action No. 7:12-CV-144 (HL) |
| v. | |
| **STIFEL, NICOLAUS & COMPANY, INC. and ANTHONY JOHN FISHER,** | |
| Defendants. | |

**ORDER**

This case is before the Court on Plaintiffs' Motion for Default Judgment against Defendant Anthony John Fisher (Doc. 70). For the reasons discussed below, the motion is denied without prejudice.

Plaintiffs filed this action in the Superior Court of Irwin County on September 19, 2012. Stifel, Nicolaus & Company, Inc. ("Stifel") was the only named defendant at the time of the initial filing. Stifel removed the case to this Court on October 30, 2012. Plaintiffs subsequently filed a motion to amend their complaint to add certain claims and to add Anthony John Fisher as a defendant. That motion was granted by the Court, and Plaintiff's First Amended Complaint was filed on August 6, 2013. Fisher was served with process, but failed to answer or otherwise respond. Now, after entry of default, Plaintiffs move the Court to enter default judgment against Fisher.

## I.   DISCUSSION

Generally, district courts have the authority to enter default judgment against a defendant who fails to answer or otherwise defend on the basis of a plaintiff's well-pled complaint. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). This general rule, however, is not without exception. In Frow v. De La Vega, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872), the Supreme Court held that in cases involving more than one defendant, a judgment should not be entered against a defaulting party alleged to be jointly liable until the matter has been adjudicated with regard to all defendants. Id. at 554. Although some circuits apply Frow only in cases of joint liability, in this circuit, it is "sound policy" to refrain from ruling "when defendants are similarly situated, but not jointly liable." Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1512 (11th Cir. 1984). This principle avoids inconsistent judgments and affirms the Eleventh Circuit's "strong preference that cases be heard on the merits." Owens v. Benton, 190 F.App'x 762, 763 (11th Cir. 2006). If a plaintiff prevails against the non-defaulting defendant, he is then entitled to judgment against the defaulting defendant as well. Frow, 82 U.S. at 554. Conversely, if the non-defaulting party prevails, in most cases, the judgment will also apply to the defaulting defendant. Id.

Plaintiffs acknowledge that there are "joint and several liabilities at play in this lawsuit," (Doc. 70) and seek compensatory and punitive damages from both Defendants. Entering default judgment against Fisher at this time raises the possibility of inconsistent judgments should Stifel prevail on Plaintiffs' claims. Accordingly,

Plaintiffs' motion is denied without prejudice. Plaintiffs may file a renewed motion for default judgment after the case is resolved against Stifel.

## II.    CONCLUSION

For the reasons discussed above, Plaintiffs' Motion for Default Judgment (Doc. 70) is denied without prejudice. The Clerk's entry of default remains pursuant to Federal Rule of Civil Procedure 55(a). The hearing scheduled for January 28, 2014 is cancelled.


**SO ORDERED**, this the 22nd day of January, 2014.


*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**


mbh

3