**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **SUSAN ROCKETT, Individually and as the Administrator for the ESTATE OF ANDREW T. FULLER, and as the Executrix of the ESTATE OF MARTHA F. OWENS**, <br><br> Plaintiffs, <br><br> v. <br><br> **STIFEL, NICOLAUS & COMPANY, INC. and ANTHONY JOHN FISHER**, <br><br> Defendants. | Civil Action No. 7:12-CV-144 (HL) |

**ORDER**

A pretrial conference was held in this case on October 24, 2014. During the conference, several pending motions were heard. The Court enters the following order on those motions.

**I.     Plaintiffs' Motion to Add Exhibits to the Pre-Trial Order (Doc. 155)**

Plaintiffs move to append their exhibit list to include two recently discovered police reports. The police reports allegedly were made at some point in 2006 and relate to reported incidents of domestic violence between Defendant Anthony Fisher and his wife. The reports further suggest that Fisher was employed by Defendant Stifel in 2006. Throughout the course of this litigation, Stifel has asserted that the firm did not hire Fisher until 2009. The Court opines that the only potential relevance these reports may have may be for the purpose

of impeaching Stifel's testimony regarding Fisher's dates of employment. The introduction of this evidence shall be limited to the employment information listed on the report. Plaintiffs shall properly redact the documents to exclude the irrelevant portions. To that extent, Plaintiffs' motion is granted.

## II.    Plaintiffs' Motion to Introduce Witness Testimony at Trial Via Skype (Doc. 132)

Plaintiffs seek permission to take the testimony of Steve Fried at trial via Skype or some other internet based electronic conferencing system. Mr. Fried resides in Las Vegas, Nevada. While Mr. Friend previously confirmed with Plaintiffs that he would be available for trial, on the eve of trial, Mr. Fried's attorneys advised him not to appear. However, his attorneys have informed Plaintiffs' attorneys that Mr. Fried is available electronically. Defendant objects to the introduction of remote testimony on the ground the Plaintiffs have failed to meet the Rule 43 requirement of "good cause in compelling circumstances" to permit remote testimony during the course of the trial. Fed.R.Civ.P. 43(a).

Recognizing that courts are moving into a more technologically advanced world, and realizing that the Court's subpoena powers do not extend to Las Vegas, the Court grants Plaintiffs' motion to implement remote testimony at trial. Plaintiffs have tested the electronic system in the courtroom and assure the Court that testimony of this nature is feasible. The Court expects the testimony to be presented smoothly and without interruption. In the event of a technological

2

failure or glitch, Plaintiffs will forfeit the opportunity to engage in the examination of this witness. Both parties will provide any exhibits they plan to utilize to the witness in advance of his testimony. The parties shall take head to limit the number of documents to prevent any delays or confusion.

### III. Plaintiffs' Motion in Limine to Prohibit Any Reference to Defendant Being Deprived of Commissions (Doc. 129)[1]

Plaintiffs argue that Defendant should be precluded from introducing evidence that Stifel earned no commissions from Plaintiffs' investment in Cardiac Networks, Inc. because that information is not relevant. Defendant responds that the fact that Defendant earned no fees when Plaintiffs transferred funds from their Stifel accounts to invest in Cardiac Network, Inc. is relevant to (1) whether Fisher acted as Defendant's agent in assisting Plaintiffs in wiring money out of their Stifel accounts; (2) whether Stifel ratified Fisher's actions; and (3) Plaintiffs' expert's testimony that Fisher's past production history indicated a desperation for commissions that should have been a red flag to Defendant that Fisher was likely to engage in high-risk trading activity. The Court agrees that this evidence may be relevant to the question of agency and to whether or not Defendant ratified the acts of its agent. Accordingly, this motion is denied.

---

[1] Plaintiffs' filed their motions in limine two times, apparently to correct the omission of certain exhibits. (Doc. 120, 129). The Court denies the initial filing as moot. (Doc. 120).

## IV.    Plaintiffs' Motion in Limine to Preclude Any Reference to Plaintiffs' Financial Circumstances (Doc. 129)

Plaintiffs seek to exclude any reference to the individual Plaintiffs' net worth as irrelevant and prejudicial. Defendant asserts that evidence Plaintiffs' financial circumstances is relevant to counter Plaintiffs' characterization of themselves as unsavvy investor. This motion is denied.

## V.    Plaintiffs' Motion in Limine to Prohibit Any Reference to Michael Mazor's Good Character (Doc. 129)

The Court denies Plaintiffs' motion to prevent the introduction of evidence relating to Michael Mazor's good character. To the extent that Plaintiffs call Mazor's character, or the character of any other witness, into question, Defendant shall be permitted to introduce evidence to rehabilitate the character of the witness.

## VI.    Plaintiffs' Motion in Limine to Bar Defendant from Taking Any Position Contrary to Those Taken in its 30(b)(6) Deposition (Doc. 129)

Plaintiffs ask the Court to limit any testimony offered by Michael Mazor, Defendant's 30(b)(6) deposition witness, to the testimony given by Mazor in the course of his deposition. The Court reserves ruling on this motion. The Court will consider any objections to Mazor's testimony has they may arise at trial.

## VII.    Defendant's Motion in Limine to Exclude Evidence Regarding Tube Media and Banneker Inc. (Doc. 108)

Following Fisher's termination, Defendant conducted an inspection of Fisher's office and discovered paperwork relating to Plaintiffs and Cardiac

Network, Inc. Defendant also unearthed documentation evidencing the possibility of other alleged outside business activity by Fisher, including Fisher's dealings with Tube Media and Banneker, Inc., both companies in which David Levy, who currently is serving a prison sentence for his part in running known pump and dump schemes, allegedly was  involved. Defendant gathered these documents and sent them to their legal department. Defendant asks the Court to prevent Plaintiffs from introducing these documents to the jury, arguing that the documents cannot be authenticated. Defendant further argues that any line drawn between Levy and Defendant through the presentation of these documents could cause the jury to extrapolate the existence of a larger conspiracy and would be extremely prejudicial to Defendant.

Plaintiffs respond that they are not seeking to introduce this evidence for their truth but rather to show the extent to which Fisher was engaging in conduct of which Defendant should have been aware. Plaintiffs argue that Defendant made the documents relevant when they boxed the paperwork and sent it to Defendant's legal department in St. Louis.

To the extent that Plaintiffs seek to introduce the documents as evidence of negligent hiring and supervision, Defendant's motion is denied.

**VIII.   Defendant's Motion in Limine to Exclude Evidence Regarding Penny Stocks and Suitability (Doc. 109)**

Plaintiffs consent to Defendant's motion to exclude evidence of penny stocks and suitability as it relates to the Court's prior ruling on Plaintiffs' expert's ability to offer such testimony. However, Plaintiffs seek to introduce evidence of penny stocks as evidence of the procedures Defendant had in place to limit the sale of penny stocks and Defendant's alleged failure to properly supervise Fisher, who encouraged Plaintiffs to invest their funds in ventures that allegedly were inappropriate for them and their circumstances. The Court wants to hear the evidence prior to making a final determination about the relevance and admissibility this evidence. Accordingly, the Court reserves ruling on the motion.

**IX.   Defendant's Motion in Limine to Exclude Evidence Regarding Non-Parties' Investments in Cardiac Network, Inc. (Doc. 110)**

Defendant asks the Court to exclude evidence that other Stifel client's invested in Cardiac Network, Inc. through Fisher. In the course of discovery, Defendant identified twelve other known Stifel clients who invested in Cardiac Network, Inc. Defendant argues that evidence of these non-parties' investment does not make it any more or less probable that Defendant was negligent or that Fisher defrauded Plaintiffs. According to Defendant, parallels cannot be drawn between any advice offered by Fisher to these non-parties and Plaintiffs. What these other investors did or did not know in relation to their personal investments has no bearing on what Plaintiffs' knew, thought, or did.

Plaintiffs state that evidence of these others investors is relevant to Plaintiffs' negligent retention and supervision claims. To the extent that Ms. Rockett can confirm that Fisher used the same sales pitch to lure her and her co-Plaintiffs into investing in Cardiac Network, Inc. as he employed with other investors, the evidence also may go to Plaintiffs' fraud claims.

Defendant's motion is denied.

## X.     Defendant's Motion in Limine to Exclude Any Speculative Testimony or Evidence of Plaintiffs' Alleged Damages (Doc. 111)

The Court denies Defendant's motion, finding that Plaintiffs' damages are not speculative in nature and can be ascertained easily through lay testimony.

## XI.    Defendant's Motion in Limine to Exclude Certain Testimony from Gregory Wood (Doc. 112)

The parties do not contest this motion. Accordingly, Defendant's motion to exclude certain testimony of Gregory Wood, Plaintiff's expert witness, is granted.

## XII.   Defendant's Motion in Limine to Exclude Plaintiffs' Audio Tapes (Doc. 113)

Plaintiffs produced nine CDs containing recordings of alleged conversations between Martha Owens, Susan Rockett, and Anthony Fisher. Defendant seeks to exclude these recordings, which Defendant claims cannot be authenticated because Plaintiffs have been unable to produce the originals and because the copies have been modified and appended. Plaintiffs explain that

7

they only wish to introduce a single, 18-minutes recording, which they claim has been unaltered.

The Court reserves ruling on this motion until trial. In the meantime, the Court orders Plaintiffs to inform Defendant of the exact recording Plaintiffs intend to introduce at trial. The Court further orders the parties to listen to the recording together and to determine whether they can stipulate to its admission.

## XIII. Defendant's Motion in Limine to Exclude Defendant Anthony Fisher's Invocation of His Fifth Amendment Rights (Doc. 114)

At the time of the pretrial conference, the Court reserved ruling on this motion. After reviewing the parties' written submissions and conducting additional research, the Court grants Defendant's motion.

On March 15, 2013, prior to being named a Defendant in this action, Anthony Fisher agreed to appear for a deposition. (Doc. 114-1). Fisher offered very little useful testimony during the course of his succinct deposition. Upon Plaintiffs' counsel inquiring about Fisher's educational background, Fisher replied, "From here on out, I am going to on every question that you are going to be asking, I am going to be respectfully declining to answer the questions by asserting my rights and privileges under the Fifth Amendment of the U.S. Constitution." (Doc. 114-1, p. 3). Plaintiffs' counsel followed up by inquiring whether Fisher would assert his Fifth Amendment privilege to any additional questions. Fisher replied in the affirmative, and the deposition quickly ended.

Defendant challenges the admissibility of Fisher's invocation of the Fifth Amendment on the grounds that Fisher's testimony is irrelevant, that Plaintiffs failed to establish the requisite foundation for using such evidence, and that Fisher's invocation is unreliable and the probative value of the statement's admission is substantially outweighed by the dangers of misleading the jury. According to Defendant, if Fisher's statement is admitted there is a risk that (1) the jury will be confused because Fisher will not be present during the trial and (2) Defendant will be unfairly prejudiced.

In civil cases, the Supreme Court has held that "the Fifth Amendment does not forbid adverse inferences against parties . . . when they refuse to testify in response to probative evidence offered against them." Baxter v. Palmigiano, 425 U.S. 308, 318 (1976). When remaining silent in the face of an accusation, an inference may be drawn that the party's silence is indicative of the reliability of the adverse inference drawn against him "if it would have been natural under the circumstances to object to the [accusation] in question." Id. at 319. The implication is that the party by pleading the Fifth Amendment seeks to avoid criminal liability. See FDIC v. Attorneys' Title Ins. Fund, Inc., 2014 U.S. Dist. LEXIS 126471 (S.D. Fla. Sept. 3, 2014).

The problem with Plaintiffs' pursuit to enter evidence of Fisher's invocation of his Fifth Amendment privilege is that there is no substance to Fisher's testimony. Fisher invoked the privilege in response to one question asked by

9

Plaintiffs' counsel. That question related to Fisher's educational background, which has no bearing on this case. "The Fifth Amendment privilege against compulsory self-incrimination must be claimed . . . with respect to particular questions. <u>Anglada v. Sprague</u>, 822 F.2d 1035, 1037 (11th Cir. 1987). The problem with a witness like Fisher making a "blanket" refusal to provide any testimony is that "it forces the reviewing court to speculate as to which questions would tend to incriminate." <u>Id</u>. (citing <u>United States v. Malnik</u>, 489 F.2d 682, 685 (5th Cir. 1974), cert. denied, 419 U.S. 826 (1974)). It was counsel's prerogative here not to ask additional questions of Fisher and await his response. However, the outcome is that the testimony Plaintiffs did procure from Fisher is irrelevant and shall not be permitted at trial.

**XIV. Defendant's Motion in Limine to Exclude the Testimony of Zev Helfer and Testimony Regarding an Unrelated Fraudulent Scheme Committed by Non-Parties David Levy, Donna Levy, and Fortis Georgiadis (Doc. 115)**

The Court reserves ruling on this motion. The Court wishes first to see how the evidence develops at trial before ruling on the relevance and admissibility of evidence pertaining to Zev Helfer, David Levy, Donna Levy, and Fortis Georgiadis.

## XV. Defendant's Motion in Limine Regarding Anthony Fisher's Arrest for Domestic Battery (Doc. 116)

The Court grants Defendant's motion to preclude any evidence of Fisher's past arrest for domestic battery. Evidence of Fisher's domestic disputes is irrelevant to the case at hand.

## XVI. Defendant's Motion in Limine to Exclude Plaintiffs' Hearsay Testimony Concerning Martha Owens (Doc. 127)

The parties previously agreed that because Ms. Owens was unable to be deposed, Ms. Owens likewise would be precluded from testifying at trial. Ms. Owens subsequently passed away. Consistent with that prior agreement, Defendant seeks to exclude any hearsay testimony regarding Ms. Owens. Plaintiffs wish to use testimony of conversations between Ms. Owens and Ms. Rockett to explain Ms. Rockett's conduct.

The Court reserves ruling on this motion for trial. However, the Court here holds that hearsay testimony of Ms. Owens will not be permitted in the absence of some exception to the hearsay rule.

## XVII. Other Matters

Counsel for Plaintiffs and Defendant are ordered to meet in Macon, Georgia on Monday, October 27, 2014, in order to confer about proposed exhibits and the use of deposition transcripts. The Court will make the jury room available. The Court expects the attorneys to narrow down the evidence the

parties actually plan to introduce at trial and to report back to the Court about the evidence to which they are able to stipulate.

 **SO ORDERED** this 30th day of October, 2014.

 *s/ Hugh Lawson*
 **HUGH LAWSON, SENIOR JUDGE**